IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *et al.*, | ) | |
| *ex rel.* ODOM et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Case No.: 3:17-cv-00689 |
| | ) | CHIEF JUDGE CRENSHAW |
| v. | ) | |
| | ) | |
| SOUTHEAST EYE SPECIALISTS, PLLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' AND TENNESSEE'S JOINT NOTICE
OF OPPOSITION TO DISMISSAL OF RELATORS' ACTION
ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**

Pursuant to the False Claims Act, 31 U.S.C. § 3730(e)(4)(A), and the Tennessee Medicaid False Claims Act, Tenn. Code. Ann. § 71-5-183(e)(2)(A), the United States and the State of Tennessee respectfully notify the Court that they are exercising their right to object to dismissal of the Relators' complaint on the basis of the public disclosure bar.

On December 23, 2019, Defendants filed their motion to dismiss the Relators' complaint. *See* Doc. No. 54. In section IV of their memorandum supporting their motion to dismiss, Defendants assert that the complaint should be dismissed because this Court ostensibly has no subject matter jurisdiction under the public disclosure bar. *See* Doc. No. 55. They assert that certain allegations were publicly disclosed and that the Relators are not original sources.

The False Claims Act states in pertinent part:

> The court shall dismiss an action or claim under this section, ***unless opposed by the Government***, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed – (1) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by

the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (2010) (emphasis added).[1]

The Tennessee Medicaid False Claims Act contains a nearly identical provision:

The Court shall dismiss an action or claim under this section, ***unless opposed by the state***, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in a criminal, civil, or administrative hearing in which the state or its agent is a party; in a state legislative, state comptroller, or other state report, hearing, audit, or investigation; or from the news media, unless the action is brought by the attorney general and reporter or district attorney general or the person bringing the action is an original source of the information.

Tenn. Code. Ann. § 71-5-183(e)(2)(A) (emphasis added).

In sum, both statutes provides that, if the government objects, a court may not dismiss the action on the grounds of public disclosure. *Accord United States ex rel. Scutellaro v. Capitol Supply, Inc.*, 2017 WL 1422364, at *18 (D.D.C. Apr. 19, 2017) (the United States objection to dismissal on public disclosure bar grounds "forecloses dismissal of the relator's claims" predicated on conduct that occurred on or after the 2010 public disclosure amendment); *United States ex rel. Conroy v. Select Med. Corp.*, 21 F. Supp.3d 1132, 1150 (S.D. Ind. 2016) ("the court has no authority to dismiss a *qui tam* action on the basis of prior public disclosure" when the government has opposed dismissal on that ground). The United States and Tennessee hereby notify the Court that they are exercising their right to object to the dismissal of this action on public disclosure grounds. Accordingly, Defendants' motion to dismiss due to the public disclosure bar should be denied.

---

[1] The False Claims Act's public disclosure bar was amended on March 23, 2010. This *qui tam* concerns the period after the amended version of this bar was effective. *See* Doc. No. 1 at PageID# 6 & 19 (discussing relators' knowledge of conduct beginning at an indeterminate date in 2010 and continuing through at least 2016).

The United States takes no position on the remaining grounds for dismissal asserted in the motion to dismiss, except to clarify that – if the Court grants the United States' motion to intervene in this suit – the United States believes that the motion to dismiss will be rendered moot.[2] The United States will step into the shoes of Relators, become the real party in interest, and then file its own complaint-in-intervention, which will supersede Relators' current complaint.

Respectfully submitted

For the United States:	DONALD Q. COCHRAN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE


By:	s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE, BPR 023133
Assistant U.S. Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Fax: (615) 401-6626
Email: ellen.bowden2@usdoj.gov

For the State of Tennessee:	HERBERT H. SLATERY III
ATTORNEY GENERAL & REPORTER

s/ Philip Bangle
PHILIP H. BANGLE, BPR 031636
Assistant Attorney General
Medicaid Fraud & Integrity Division
Tennessee Attorney General's Office
425 Fifth Avenue North
Nashville, TN 37243
Telephone: 615-741-6421
Fax: 615-532-4892
Email: Philip.Bangle@ag.tn.gov

---

[2] The United States intends to file a reply brief supporting its motion to intervene next week.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing is being served, by use of the Court's electronic case management system, on February 21, 2020, to the following:

| | |
|---|---|
| **Amy L. Easton**<br>Phillips & Cohen, LLP<br>2000 Massachusetts Ave. NW<br>Washington, DC 20036<br>aeaston@phillipsandcohen.com | **Jeffrey W. Disckstein**<br>Phillips & Cohen, LLP<br>Southeast Financial Center<br>200 S. Biscayne Blvd., Suite 2790<br>Miami, FL 33131<br>jdickstein@phillipsandcohen.com |
| **Michael Hamilton**<br>Provost Umphrey Law Firm LLP<br>4205 Hillsboro Pike, Suite 303<br>Nashville, TN 37215<br>mhamilton@provostumphrey.com | **Matthew M. Curley**<br>**Molly K. Ruberg**<br>Bass Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: mcurley@bassberry.com |
| **Alan E. Schabes**<br>Benesch, Friedlander, Coplan & Aaranoff, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114<br>aschabes@beneschlaw.com | **Juan Morado**<br>Benesch, Friedlander, Coplan & Aaranoff, LLP<br>71 South Wacker Dr., Suite 1600<br>Chicago, IL 60606<br>jmorado@beneschlaw.com |
| **Philip Bangle**<br>Assistant Attorney General<br>Office of the Attorney General & Reporter<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>philip.bangle@ag.tn.gov | |

                                                            s/ Ellen Bowden McIntyre<br>
                                                            ELLEN BOWDEN MCINTYRE<br>
                                                            Assistant United States Attorney